U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 0 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JOHN L. JACKSON | CIVIL ACTION NO. 06-0214-A |
|---|---|
| -vs- | JUDGE DRELL |
| PENSION BENEFIT GUARANTEE CORPORATION | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a Motion to Dismiss filed by Defendant Pension Benefit Guarantee Corporation ("PBGC") pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 8). Defendant also requests that we bar Plaintiff John L. Jackson from filing another suit against PBGC unless he obtains court approval and that we assess the costs of the proceeding against Mr. Jackson. Mr. Jackson opposes the Motion. (Doc. 14). After reviewing the pleadings and applicable law, Plaintiff's claims against PBGC will be DISMISSED. Costs of the proceeding will be assessed against Mr. Jackson and we will restrict Mr. Jackson's future ability to file suits in the Western District of Louisiana.

Background

PBGC sponsored the Cooperative Retirement Income Plan ("the Plan") for Pan American World Airways, Inc. ("Pan Am"). (Doc. 8). When the Plan

terminated effective July 31, 1991, PBGC became the statutory trustee of the Plan. (Doc. 8).

Mr. Jackson worked for Pan Am from 1966 to 1977. (Doc. 1). When he began work on May 13, 1966, Mr. Jackson became a participant in the Plan. He took a medical leave of absence on November 9, 1977, went on long term disability on February 14, 1978, and stopped accruing benefits on March 31, 1980. (Doc. 8). According to PBGC, Mr. Jackson's length of service for purposes of determining his pension benefit was 13 years 10 months. (Doc. 8).

On April 14, 2000, PBGC calculated that Mr. Jackson should receive a benefit of $150.06 per month. (Doc. 8). Mr. Jackson appealed this determination to the PBGC Appeals Board, complaining that PBGC's use of $6,090.24 as his average earnings in its formula for determining his monthly benefit was incorrect. (Doc. 8). Instead, he asserted in his appeal that the average of his 1973-1977 earnings ($13,378) should have been used and that 45.2% actuarial reduction was improperly applied in calculating his benefit. (Doc. 8). On June 18, 2001, PBGC's Appeals Board increased his monthly benefit from $150.06 to $172.84. (Doc. 8).

Mr. Jackson's complaint alleges that PBGC has undervalued the amount of his pension. (Doc. 1). He claims the administrative records will show that he earned more while employed at Pan Am than PBGC now claims he earned and he seeks a declaration of the amount he actually earned so that his pension will be more than the value PBGC currently assigns to it. (Doc. 1).

Mr. Jackson previously sued PBGC on June 22, 2001 (Civil Action No. 01-1161), challenging the Appeals Board's decision finding he is entitled to a monthly pension benefit of $172.84 ("2001 suit"). He claimed the amount of $13,378, rather than $6,090.24, should have been used to calculate his monthly benefit. He further claimed PBGC incorrectly applied a 45.2% actuarial reduction, reflecting his early retirement and receipt of benefits. In that case, Judge F.A. Little, Jr. granted PBGC's Motion for Summary Judgment, finding that the "administrative record submitted by PBGC reveals that Jackson's monthly benefit was calculated correctly according to the Plan's terms." Judge Little's Ruling and Judgment are attached to our ruling today.

Law and Analysis

The real issue before us is not whether Mr. Jackson's claims state a claim upon which relief can be granted, but whether his claims are barred by the principle of res judicata. In general, res judicata is an affirmative defense that must be pled and not raised *sua sponte*. Mowbray v. Cameron County, Texas, 274 F.3d 269 (5th Cir. 2001). However, the Fifth Circuit has recognized two limited exceptions to this rule: (1) a court may dismiss *sua sponte* on res judicata grounds "in the interest of judicial economy where both actions were brought before the same court" and (2) "where all of the relevant facts are contained in the record before [the court] and all are uncontroverted, [the court] may not ignore their legal effect, nor may [it] decline to consider the application of controlling rules of law

to dispositive facts, simply because neither party has seen fit to invite [the court's] attention by technically correct and exact pleadings." Id. at 281. The Fifth Circuit also has considered other factors when deciding whether a court has properly raised res judicata: whether the actions are "almost identical" and whether the plaintiff could claim surprise or prejudice, that is, whether the claim had notice of the prior judgment. Id.

Because the suit currently before us is brought in the same court as was the 2001 suit, the parties and allegations are exactly the same, and Mr. Jackson had noticed of the summary judgment in the 2001 suit, we consider whether this action is barred by the principles of res judicata.

The Fifth Circuit's test for res judicata requires that four elements be satisfied: (1) the parties must be identical in both suits; (2) a court of competent jurisdiction rendered the prior judgment; (3) there was a final judgment on the merits in the previous decision; and (4) the plaintiff raises the same cause of action or claim in both suits. Matter of Howe, 913 F.2d 1138 (5th Cir. 1990). As previously mentioned, the parties in this suit and the 2001 suit are identical; this court, certainly one of competent jurisdiction, rendered the prior judgment; the Motion for Summary Judgment granted by Judge Little on February 24, 2003 was a final judgment on the merits and dismissed Mr. Jackson's claims with prejudice; and Mr. Jackson raises the same claims here as he did in the 2001 suit. Therefore,

because Mr. Jackson's current action is barred by the principles of res judicata, it will be DISMISSED.

SIGNED on this 10th day of July, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE